# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARTIN BARRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-19-554-R** |
| | ) | |
| **PETSMART, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Strike Defendant's Expert Witness List. (Doc. No. 24). Therein Plaintiff argues the Court should strike each of the witnesses identified in Defendant's Final Expert Witness List, filed with the Court on April 15, 2020, because Defendant failed to produce expert reports for any of the identified experts. Defendant responded to the motion and withdrew two of the named experts in light of Plaintiff's decision to forego his loss of consortium claim. (Doc. No. 24). Plaintiff also argues that other than Dr. Uhland, the identified medical providers treated Mr. Barry for conditions unrelated to the knee injury at issue herein and therefore their testimony would be irrelevant. Although Defendant responded to this argument, Plaintiff has not sufficiently addressed the issue in the motion so as to permit the Court to discern whether their testimony would be admissible. Therefore, the Court denies Plaintiff's motion to the extent it addresses relevancy. Defendant otherwise contends that its experts were properly identified, and no reports were needed because they were not retained by Defendant but

rather were Plaintiff's treating physicians.[1] Plaintiff did not file a reply brief in support of his position. Upon consideration of the parties' submissions, the Court finds as follows.

Federal Rule of Civil Procedure 26(a)(2) governs the requirements for disclosure of witnesses. If an expert witness is not "retained or specially employed," the disclosure of his identity need only contain "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). "The purpose of expert disclosures is 'to eliminate surprise and provide opposing counsel with enough information ... to prepare efficiently for deposition, any pretrial motions and trial.'" *Carbaugh v. Home Depot U.S.A., Inc.*, No. 13-cv-02848-REB-MEH, 2014 WL 3543714, at *2 (D. Colo. July 16, 2014) (quoting *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006)). A treating physician may properly testify about his or her "observations, diagnosis and treatment of a patient," i.e., "what he saw and did and why he did it" – without submitting an expert report. *See Davis v. GEO Grp.*, No. 10-cv-02229-WJM-KMT, 2012 WL 882405, at *2 (D. Colo. Mar. 15, 2012). Because Plaintiff did not file a reply brief, he does not respond to Defendant's contention that no expert reports are necessary or its contention that its disclosure was sufficient to comport with Rule 26(a)(2)(C). The Court finds that, given Defendant's intended use of Plaintiff's treating physicians, expert reports were not required. Therefore, Plaintiff's Motion to Strike is DENIED.

---

[1] Two of the physicians are also listed by Plaintiff as witnesses, although he has not listed any witnesses as experts.

**IT IS SO ORDERED this** 2nd day of June 2020.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE